(Decided 17th December, 1867.)

---

WILLIAM A. WATERS, and others, *vs.* WASHINGTON WATERS and ELLEN M. WATERS. SAME *vs.* SAME.

*Decision of the Appellate Court conclusive—Issues from the Orphans' Court — Judge's certificate — Transmission of Record—Appeal—New trial.*

A decision of this Court, once pronounced in any case, is the law of the case, and binding upon the parties, the Court below and upon this Court,

in the subsequent proceedings in the same case, and cannot be disregarded or called in question.

The setting aside the verdict of a jury, and awarding a new trial by a Circuit Court, being within the exercise of the legal discretion vested in that Court, is final in its nature, and not subject to examination on appeal.

Where a verdict is set aside, and a new trial ordered, the case stands as if no trial had taken place, and the verdict rendered upon the second trial, is in contemplation of law the only verdict in the case.

Where a verdict had been set aside, a new trial granted and a verdict rendered on the second trial, in the transmission of the record of the proceedings to the Orphans' Court, there was the certificate of the Judge, setting forth correctly the findings of the jury upon the several issues, on the second trial, but making no mention of the first verdict. HELD:

That it would have been improper to have mentioned the first verdict, as it had been annulled and set aside; and to have certified it as the finding of the jury, would have had a tendency to mislead the Orphans' Court, who could not under any circumstances lawfully consider it, or be governed by it.

APPEALS from the Orphans' Court of Montgomery County.

A *caveat* to the will of Tilghman Waters, was filed in the Orphans' Court of Montgomery county; plenary proceedings were ordered; the petition of the caveators (now appellants) and the answer of the caveatees (now appellees) thereto, were filed; and issues were sent by the Orphans' Court to the Circuit Court for Montgomery county, and removed from thence, at the instance of the caveators to the Circuit Court for Howard county, and from thence at the suggestion of one of the caveatees to the Circuit Court for Anne Arundel county for trial. The case was tried at the October term, 1865, of said Court. Upon the first trial, the jury found on the first issue, that the paper purporting to be the will of Tilghman Waters, was executed by him when he was not of a sound and disposing mind, and capable of making a valid deed or contract; on the second issue, that the said paper was executed and attested as required by law to pass title to real estate; on the third issue, that the said paper was not executed by Tilgh-

man Waters under the influence of suggestions and importunities, when his mind from its diseased or enfeebled state was unable to resist the same; on the fourth issue, that the said paper and the execution thereof, was the free and voluntary act of Tilghman Waters, to which he was induced with a knowledge of its contents, and without the exercise of a dominion and influence by any person or persons, which prevented in his then condition, the exercise of a sound discretion; on the fifth issue, that the execution of said paper was not procured by undue influence, fraudulent devices, importunities, misrepresentations and deceits practised on the said Tilghman Waters; on the sixth issue, that the execution of said paper was not procured by the exercise of an undue influence, dominion or control, obtained over the said Tilghman Waters, by his wife, Ellen M. Waters, and which in his then condition he was unable to resist; and on the seventh and last issue, that the said Tilghman Waters was not at any time subsequent to the execution of said paper writing, desirous of altering or cancelling the same, and was not prevented from so doing by management, fraud, undue influence or importunities. A motion was thereupon made by the caveatees for a new trial, upon the grounds, that the verdict was against the evidence and the weight of evidence; and of inconsistency between the issue found for the caveators and those found for the caveatees. The motion for a new trial was granted. An appeal was taken by the caveators from the order granting a new trial, and the appeal was dismissed by this Court. (See *Waters vs. Waters*, 25 *Md. Rep.*, —.) Upon a second trial, the jury found a verdict upon all the issues in favor of the caveatees. The record, with a certificate of the Judge, (MAGRUDER) certifying to the finding of the jury on the last trial, was transmitted to the Orphans' Court of Montgomery county. The caveators then filed their petition in said Court, alleging that the record so transmitted was not properly certified, in this, that the Judge of the Circuit Court for Anne Arundel county had not ordered a full tran-

script of all the proceedings in said case to be certified, and that it did not appear from the certificate of the said Judge, how the case originating in the Orphans' Court of Montgomery county, came into the Circuit Court for Anne Arundel county for trial, or by what authority the Judge of that Court certified in the case to said Orphans' Court; and praying that the record should be remanded to the Circuit Court for Anne Arundel county for amendment, so that the whole and complete record in the case should be brought before the Orphans' Court.

The Orphans' Court, by order of the 7th May, 1867, refused the prayer of the petitioners, and from this order the first appeal is taken. The second appeal is from an order of the said Orphans' Court, passed on the 18th June, 1867, dismissing the petition of the appellants, filed the 23d April, 1867, and the amended petition, filed 28th May, 1867, without prejudice to the rights of the petitioners, on the final hearing of the cause, and also adjudging that the Court would not proceed to final decree in the cause, (the admission to probate of the will of Tilghman Waters, and granting letters testamentary to the executor,) until the appeal taken from the said order of the 7th May, 1867, should be determined by this Court. The two appeals were argued together.

The cause was argued before BARTOL, C. J., GRASON, ALVEY and ROBINSON, J.

*James Revell* and *William Harwood*, for the appellants.

The only question on the first appeal is, whether the Orphans' Court should have remanded the record as certified by the clerk of the Circuit Court for Anne Arundel county, back to that Court. The clerk of the Circuit Court for Anne Arundel county certified either to the certificate of Judge MAGRUDER, or to the whole record, originating in the Orphans' Court of Montgomery county, and passing by removals to Anne Arundel county. The record, if full and complete, would show the

two contrary verdicts rendered by the first and second juries, and the erroneous awarding of the *venire facias de novo*, by Judge TUCK, for supposed errors patent in the first verdict as rendered. Regarding this *venire*, upon the avowed grounds taken in the order of the Judge, as an error of law, patent on the record, and in nowise the exercise of a discretionary power to grant a new trial, we hold that after the final judgment was rendered by the Orphans' Court, it is competent for this Court to see that the judgment is entered upon the true and sufficient first verdict, and not on the second verdict resulting from an erroneous awarding of a *venire facias de novo*.

The case is not yet ripe for a discussion of this important question, which, at the proper time, we shall fully argue upon authority and principle and the manifest policy of the Code; but, to guard against any prejudice to or compromise of that question, we are apprehensive that the Judge's certificate is alone certified to by the clerk, or at least that this certificate is all that the Orphans' Court can regard, and as the Judge has only certified the last verdict, we should in that event be precluded from raising the question of the legal finality of the first verdict. Neither the certificate of the clerk, or Judge stating certain facts, is a proper transmission of the action or finding of the Court, upon issues submitted from the Orphan's Court; there must be a full record of the proceedings and finding of the jury in the Circuit Court, authenticated in the form prescribed by law. *Hammond vs. Norris*, 2 *H. & J.*, 132. It is plain that the Judge has only certified the last verdict directly to the Orphans' Court. At the foot of this judicial certificate the clerk simply certifies "that the *aforegoing* is truly taken from the record of the proceedings of the Circuit Court for Anne Arundel county." Now is this a certificate to the whole record, or only to the Judge's *certificate?* If to the whole *record*, is it such an authentication as will authorize the Orphans' Court to consider the first verdict, and decide on which verdict the judgment shall be entered? If this question can be affirmatively answered, our object is

accomplished; but we fear it cannot be, because the Code expressly declares that in these issues from the Orphans' Court, "a certificate from such Court (meaning the Court of law,) or the Judge thereof, of the verdict or finding of the jury under the seal thereof, shall be admitted by the Orphans' Court to establish or destroy the claim, or any part thereof." *Code of Pub. Gen'l Laws,* Art. 93, secs. 224 *and* 250.

This leaves open the case of two verdicts and the question, which is the *legal verdict* in the case? There is no order of the Court to certify the whole record, as there might have been; but there is an express certificate of the Judge of the finding of the last jury alone.

Is anything before the Orphans' Court but Judge MAGRU-DER's certificate under seal of his Court? If there be anything else before the Orphans' Court, it is only there because the clerk has chosen, of his own accord, to give a transcript of the whole record, and for this there is no legal authority. The case stands simply as if Judge MAGRUDER had certified nothing but the finding of the last jury; and in that case how is the Orphans' Court to know the authority of Judge MAGRU-DER so to certify? The Orphans' Court sent the issues to Montgomery county, and if there be no authenticated transcript showing all the proceedings, the first as well as the last verdict, there is nothing to show how the case got before Judge MAGRUDER, and the Orphans' Court cannot act on his certificate at all. If this be so, how is the Orphans' Court to act?. If, as argued, they cannot remand the case so as to allow the Judge of the Circuit Court of Anne Arundel county to order the whole record to be certified, (which we are authorized to say he wishes to do if it be not already legally done,) then the Orphans' Court can never enter up judgment. This would be a great failure of justice it must be admitted.

It is true the Orphans' Court has no *constructive* powers, but it has been decided "that the power to revoke letters of administration is necessarily inherent in the Orphans' Court and a part and of the essence of the power delegated to them

of granting administration." *Raborg vs. Hammond*, 2 *H. & G.*, 42.

So we submit that the jurisdiction to enter judgment on verdicts certified to the Orphans' Court involves, of necessity, the power to remand the record to cure any want of authority in the Judge's certificate or any other defect appearing. Suppose the Judge were to certify the verdict contrary to the finding, or not under seal of the Court, is there no remedy in the Orphans' Court by which the Judge should correct his certificate?

The Court of law acts merely as an auxiliary to the Orphans' Court in the trial of these issues. *Browne vs. Browne et al.* 22 *Md. Rep.*, 116.

If this be so and it becomes material to inquire on which of two opposing verdicts the judgment should be entered, there must be a power in the Orphans' Court to obtain the first verdict as well as the last. Here our petition averring that there was a *legal first verdict, not certified* by the Judge, is supported by the transcript sent to the Orphans' Court by the clerk, and all we require is, that this *first verdict*, with the order setting it aside, should be authenticated, especially when, without such authentication, there is no evidence of the authority of the Judge who has certified the last verdict. In other words, we maintain the necessity of a complete transcript legally certified, in order that the Orphans' Court shall decide whether it shall render judgment on the first or second verdict, that is, which is the true legal verdict.

If the first verdict ought to stand in law, and was erroneously vacated by the Judge, then the second verdict was a *nullity*, and the erroneous awarding of a *venire facias de novo* can now be corrected or disregarded by the Orphans' Court, or by this Court.

In *State vs. Manly*, 1 *Md. Rep.*, 136, a record in a criminal case was remanded because the County Court remanding it, had no jurisdiction, and yet a writ of diminution cannot be granted in a criminal case by a County Court. *Price vs. The State*, 8 *Gill*, 302.

2

We do not ask diminution, but only a remanding of the record.   In *State vs. Shillinger*, 6 *Md. Rep.*, 450, this Court recognized the propriety of remanding the record where it was sent to a Court not having jurisdiction.   We therefore contend that the Orphans' Court erred in dismissing our petition to remand the record for amendment by the Court from which it came.   There can be no escape from this conclusion, but by holding that all the procedings, including the first verdict, are properly before the Orphan's Court.   We are entitled to such a record as will enable us to claim the judgment on the first verdict, *non obstante*, the second illegal verdict.   We consider that this Court has clearly decided that the final judgment in the Orphans' Court may be rendered upon facts outside of the verdict certified, and therefore that if it appear that the verdict certified was a nullity on its face, or *aliunde*, and that there was a legal prior verdict in the record which ought to stand, and is properly certified by the Court, as well as the last, that the Orphans' Court may enter judgment on the true and proper verdict.   *Pegg et al., vs. Warford*, 4 *Md. Rep.*, 393, 394.

If the Judge had certified the first verdict, and also certified a second contrary verdict without showing that the first had ever been set aside, what judgment would be entered? And so if the last verdict should be contradictory and inconsistent on its face, how could the Orphans' Court act on it?   We see nothing to appeal from in the second case, as the prayer of the appellants was granted substantially, and nothing to appeal from in the first, if this Court be of the opinion that the whole record, including the first verdict, is properly certified for the consideration of the Orphans' Court.

*William P. Maulsby* and *William D. Merrick*, for the appellees.

The petition of the appellants, praying that the record might be remanded for amendment, is nothing more than an application for a writ of diminution.   If the Orphans'

Court had no jurisdiction in remanding the proceedings to the Circuit Court for Anne Arundel county, then this Court must sustain its action, and affirm its order in this respect. Under the judicial system of this State, the Orphans' Courts are Courts of limited, not general jurisdiction. In this respect they are of inferior dignity to the Circuit Courts; the writ of diminution is issued by a Court of superior jurisdiction, upon appeal from the Court of inferior jurisdiction, from whose decree or order the appeal has been taken. By the 29th Article of the Code of Pub. Gen'l Laws, sections 29, 30, 31, provision is made for the issuing out of the Court of Appeals of a writ of diminution to the inferior Court, from which the record is removed. There is no other statutory provision in this State for the issue of the writ of diminution. Diminution at common law can only be issued out of the superior Court on an appeal from an inferior Court. *Evans Practice,* 259, (*old edition,*) 549, (*new edition.*)

The Orphans' Court therefore had no authority to remand the cause to the Circuit Court for Anne Arundel county. Being an inferior tribunal, they must take the record as they find it. *Bacon's Abridgement, Error E.*

Diminution cannot be certified contrary to the record, which is certified. 2 *Tidd's Prac.*, 1104, (*marginal page,*) and note d.

Here the record contains the finding of the jury on the first trial, and upon the principle of the authority above stated, diminution cannot be alleged. The test of the jurisdiction of any Court, consists in its powers to enforce its mandates. Can it be assumed that the Orphans' Court of Montgomery county could issue an attachment for contempt, against the Judge of the Circuit Court for Anne Arundel county, in refusing to certify the finding of the issues on the first trial, or could the Orphans' Court issue a *mandamus,* to compel the Judge to certify the finding as prayed in the petition?

Article 50 of the Code of Pub. Gen'l Laws, (" *Mandamus,*") vests the power to issue a *mandamus* in the Circuit Courts of

the counties, and in the Superior Court of the City of Baltimore; the Orphans' Courts cannot exercise any jurisdiction, not expressly conferred by law, and have no incidental or constructive powers. *Code of Pub. Gen'l Laws, Article* 93, *sec.* 252.

But, even if the Orphans' Court had power to remand the record to the Circuit Court for Anne Arundel county, no purpose could be accomplished by it, because the record did not require any amendment, in order to bring before the Orphans' Court the whole and complete record in the case. The record transmitted to the Orphans' Court of Montgomery county, from the Circuit Court for Anne Arundel county, does show all the proceedings had in said cause. It does appear from the record, how the case originated in the Orphans' Court of Montgomery county; how issues were transmitted to the Circuit Court for Montgomery county; how the record was transmitted to the Circuit Court for Howard county; how it was transmitted thence to the Circuit Court for Anne Arundel county, that a trial of the issues was had in the Circuit Court for said county; that a new trial was granted; that an appeal was taken from the order granting a new trial to this Court, and that said appeal was dismissed by this Court; that the new trial was had, and a verdict found by the jury in favor of the caveatees on all the issues; and that the finding of the jury was certified by the Judge of the Circuit Court for Anne Arundel county, to the Orphans' Court of Montgomery county.

The principles of law, applicable to the trial of issues from the Orphans' Court, and of issues to be followed by judgments, are precisely the same. *Ramsay and Jenkins vs. Glass et al.,* 9 *Gill,* 62; *Waters vs. Waters,* 26 *Md. Rep.*

Issues sent by the Orphans' Court to the County Court for trial, may be removed to any adjoining county for trial. *Townshend vs. Townshend,* 9 *Gill,* 506.

When issues are once granted, the functions of the Orphans' Court are suspended until the finding of the jury be certified,

and when that is done, the Orphans' Court has no discretion in regard to it, but is imperatively required to enter up judgment in conformity thereto. *Pegg et al. vs. Warford*, 4 *Md. Rep.*, 394; *Browne vs. Browne et al.*, 22 *Md. Rep.*, 116.

The exercise of a discretionary power by an inferior Court will not be reviewed and reversed on appeal, because accompanied with the assignment of an erroneous reason for its action. *Howard & Wife et al. vs. Waters et al.*, 19 *Md. Rep.*, 529; *Ford vs. The State*, 12 *Md. Rep.*, 547.

In regard to the second appeal, being from the order passed on the 18th of June, 1867, it may be remarked: that the petition of the appellants, filed on the 23d of April, 1867, went on the assumption, that it was the duty of the Orphans' Court to enter judgment on the first verdict, that is to say, the finding of the jury, which was set aside and which was followed by the granting of a new trial, and totally to disregard the last verdict found by the jury on the new trial, and certified by the Judge of the Circuit Court for Anne Arundel county. It therefore prayed that judgment be entered by the Orphans' Court, sustaining the *caveat*, and annulling the will of Tilghman Waters, which had been fully sustained on the new trial, by a verdict on all the issues for the appellees, and that letters of administration on the estate be granted. The petition of the 28th May, 1867, setting out the first appeal, prayed that the Orphans' Court would pass no final judgment until the record from the Circuit Court for Anne Arundel county had been amended as prayed for in the case, wherein the said first appeal was taken. The order of the Orphans' Court substantially granted this latter prayer, inasmuch as it determined, that it would not proceed to final judgment, until the appeal then taken to this Court should be disposed of. So far as this prayer and order are concerned, the appellants can sustain no possible injury from the order, and are not entitled therefore to a reversal. 2 *Md. Digest* 23, *Paragraph* 131.

That the proposition contained in the petition of the 23d of April cannot be sustained, and consequently that there is no

error in the order of the Orphans' Court, relating to that petition, it is supposed to be conclusively settled by the opinion of this Court in the case of *Waters vs. Waters*, to be found in 26 *Md. Rep.* A decision of the Court of Appeals is binding and final in all subsequent litigation between the same parties, and upon the same subject matter of controversy. *Mitchell vs. Mitchell's Lessee*, 6 *Md. Rep.*, 224; *Preston & Hepburn vs. Leighton, use of Kelly, Ball & Co.*, 6 *Md. Rep.*, 88; *Mong vs. Bell's adm'rs*, 7 *Gill*, 244; *McClellan vs. Crook*, 7 *Gill*, 333; *Young vs. Frost et al.*, 1 *Md. Rep.*, 377. *Brown vs. Somerville*, 8 *Md. Rep.*, 444.

BARTOL, C. J., delivered the opinion of this Court.

These appeals have been argued together, and as they involve the same questions, will be considered and disposed of in the same way.

No principle is better established than that a decision of the Court of Appeals once pronounced in any case is binding upon the Court below and upon this Court in the subsequent proceedings in the same case, and cannot be disregarded or called in question. It is the law of the case binding and conclusive upon the parties, not open to question or examination afterwards in the same case.

If this were not so, controversies would be endless; "*debet finis esse litium*," is the maxim which has been invariably applied by this Court, whenever this question has arisen.

On the former appeal between these parties, decided at October Term, 1866, it was finally adjudged, that the action of the Circuit Court before which the trial of the issues was pending, in setting aside the verdict of the jury and awarding a new trial, was within the exercise of the legal discretion vested in that Court, final in its nature and not subject to examination on appeal, and the appeal was therefore dismissed. The legal effect of that decision was that the ruling of the Circuit Court stood unreversed. The verdict having been set aside and a new trial ordered, the cause stood as if no trial had taken place, and no verdict had been rendered;

and the verdict of the jury therefore rendered upon the second trial was in contemplation of law the only verdict in the cause, for the government and direction of the Orphans' Court.

The object of the appellants in the several petitions filed by them in the Orphans' Court, and contained in the records before us, seems to be to re-open before the Orphans' Court the question of the propriety of granting the new trial, and in that way to have re-examined in the Orphans' Court, and perhaps in this Court by another appeal, the same questions which were finally determined in the cause upon the former appeal. Such an attempt is wholly inadmissible.

By the petition filed on the sixth day of May, 1867, the appellants ask that the record shall be remanded to the Circuit Court for two causes:

1st. "That the Judge of the Circuit Court has not ordered a full transcript of all the proceedings in the said case to be certified to the Orphans' Court."

2d. "That it does not appear from the certificate of the said Judge, how the case originating in the Orphans' Court of Montgomery county, came into the Circuit Court for Anne Arundel county for trial, or by what authority the said Judge certified in the said case to the Orphans' Court of Montgomery county."

An inspection of the record furnishes a complete answer to this petition. The transcript sent to the Orphans' Court contains all the proceedings from the origin of the case in the Orphans' Court to the final verdict upon the issues rendered in the Circuit Court for Anne Arundel county, showing the successive removals of the cause first from the Circuit Court for Montgomery county to which the issues had been sent, to the Circuit Court for Howard county, and thence to the Circuit Court for Anne Arundel county, where they were finally passed upon by the jury. Every thing that took place in the progress of the cause is shown by the transcript, including the first verdict rendered by the jury, the action of the Circuit Court in setting it aside and granting the motion for a new trial, the appeal therefrom and the judgment of the Court of Appeals thereon, the second trial, and the final verdict of the

jury.   This transcript was sent by the clerk of the Circuit Court prefaced with a statement that what followed was "in the record of the proceedings of the same Court," and the conclusion verified by the certificate of the clerk and the seal of the Court.   There is no order of the Judge requiring the transmission of the record to the Orphans' Court; but this is not necessary.   The act of the clerk in that behalf is the act of the Court, and is a compliance with the law, furnishing to the Orphans' Court in a complete and legal form the grounds for their future action.

Appended to the record is a certificate of the Judge of the Circuit Court which sets forth the findings of the jury upon the several issues.   This certificate is in exact conformity with the truth; no discrepancy whatever is found between it and the verdict itself as set forth in the record; and is therefore not obnoxious to any objection.   It certifies only the last verdict, making no mention of the first; to have done so would have been improper, as the first verdict had been annulled and set aside, and to have certified it as the finding of the jury would have had a tendency to mislead the Orphans' Court, who could not under any circumstances lawfully consider it, or be governed by it.   An order will be passed affirming the order of the Orphans' Court passed on the 7th day of May, 1867, and dismissing the petition of the appellants filed on the 6th day of May, 1867.

And for the reasons already assigned the order of the Orphans' Court passed on the 18th day of June, 1867, will be affirmed, and the appellants' petition filed on the 23d day of April, 1867, and the amended petitions filed on the 21st day of May, 1867, on the 28th day of May, 1867, and the motion of the 18th day of June, 1867, will be overruled and dismissed.

In these appeals the costs in both Courts will be awarded to the appellees, and the cause will be remanded to the Orphans' Court for further proceedings in conformity with this opinion.

*Orders affirmed and cause remanded.*

(Decided 20th December, 1867.)