## LILLIAN F. GERKE ET AL. *vs.* COLONIAL TRUST COMPANY, ADMINISTRATOR. ET AL.

*Construction of a Will—Absolute Gift Afterwards Declared to be Held in Trust—Rule Against Perpetuities.*

A testator, after the termination of a life estate therein given to his wife, gave one-fourth of his estate to each of his three daughters, and the other one-fourth part to two named grandchildren. He then provided that a certain store should not be sold until after the death of his last surviving daughter, and until his youngest grandchild should become of age; that then it should be sold and the proceeds divided equally among his grandchildren. By a subsequent clause of the will, he provided that the legal title to all of the property bequeathed should be held by two trustees for the remaindermen. *Held,* that the gift of one-fourth of the estate to the two grandchildren is to be construed in connection with the subsequent clause of the will, by which the testator declared his will and wish that all the property should be held in trust, and that therefore, this one-fourth part is to be held in trust until the time appointed for sale and distribution.

*Held,* further, that the provision directing that the store should not be sold until after the death of the last surviving daughter of the testator and the coming of age of his youngest grandchild is valid, and not repugnant to the nature of the estate previously given to the testator's named grandchildren.

*Held,* further, that this provision does not violate the Rule against Perpetuities, since the grandchildren must be born within a life in being at the death of the testator.

*Decided January 10th, 1911.*

Appeal from the Circuit Court of Baltimore City (NILES, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE and PATTISON, JJ.

*Edward M. Hammond* (with whom were *Roger T. Gill* and *Albert S. Gill* on the brief), for F. B. Gerke, appellant.

*Chas. J. Wiener,* for L. F. Gerke *et al., appellant.*

*Thomas Mackenzie* (with whom was *H. Findlay French* on the brief), for the appellees.

BRISCOE, J., delivered the opinion of the Court.

The bill in this case, is filed to obtain a construction of the last will and testament of Charles Gerke late of Baltimore City, who died on the 28th day of March, 1891, in so far as the rights of the grandson, Charles G. C. Ross, are involved.

The will bears date the 21st day of January, 1891, and was executed in proper form to pass personal and real estate, in this State.

The testator left surviving him, a wife, Elizabeth Virginia Gerke, who departed this life on the 28th day of May, 1907; three daughters, Florence B., Esther T. and Lillian F. Gerke; one son, Walter D. Gerke, and two grandchildren, Charles G. C. Ross and Mary L. Ross, children of a deceased daughter, Eugenie L. Ross. Charles G. C. Ross the grandson died on the 26th of January, 1909, leaving a widow, Mary, and two infant children, Charles C. G. Ross and Elizabeth C. G. Ross.

By his will, Mr. Gerke, first directed the payment of his debts, and then gave his household effects to his wife absolutely. Then, the will continued as follows:

Item. I give, devise and bequeath unto my said wife all the rest and residue of my estate (my real, personal and mixed property) for and during the term of her natural life.

Item. After the death of my said wife, from the said rest and residue of my estate, I give and bequeath unto my son, Walter Duncan Gerke, the interest or income of six thousand dollars, at five per centum per annum, being three hundred dollars per year or twenty-five dollars per month, to be paid into his own hands and not to or into the hands of another, during the term of his natural life, the said principal sum of six thousand dollars, it is my will at his death shall go to and become the property of the issue of his body living at the time of his death; share and share alike, *per stirpes;* but if he should die without issue living at the time of his death then the six thousand dollars to go to and become the property of the issue of my body living at the time of his death, share and share alike, *per stirpes.*

Item. I give, devise and bequeath one-fourth part of the balance of the said rest and residue of my estate, real, personal and mixed unto each of my three daughters, Florence B. Gerke, Lillian F. Gerke and Esther T. Gerke, for and during the term of her natural life, and from and after her death, then unto and to the issue of her body living at the time of her death, share and share alike, *per stirpes.* If, however, she shall die (*i. e.,* any one or more of them), without issue of her body living at the time of her death, then unto and to the issue of my body then living share and share alike, *per stirpes,* my said son Walter D. excepted.

Item. I *give* and *bequeath* the *other* fourth *part* of the *said balance* of *the said rest* and *residue of my estate,* unto *my two grandchildren, Charles G. C. Ross and Mary L. Ross, children of my deceased daughter, Eugene L. Ross.*

Item. It is my wish and will that my store-house property on the southwest corner of Lexington street and Crooked lane, known as No. 5 West Lexington street, shall not be sold *until after the death of my last surviving daughter* and my *youngest grandchild shall become of age. Then it shall be sold,* the ground rent thereon be paid off and the balance be equally divided among my grandchildren then living and

the issue then living, of any deceased grandchild, share and share alike, *per stirpes.* Nor shall the said store-house property be mortgaged except for the purpose of rebuilding the same, and it is further my will that my children shall have in the meantime no right or authority to dispose of their interest in the said store property. And should it become necessary to mortgage the property no more than seven or eight thousand dollars shall be borrowed thereon and I recommend that the mortgage be taken for seven or ten years, in which event it is further my will that from the rents of said property there shall be retained such proportion of the rent as will be sufficient to liquidate said mortgage debt when the same shall become due and payable, after having first however, provided thereout, for the payment of the current expenses upon said property.

Item. I will here take occasion to say, it is my will and wish, notwithstanding anything hereinbefore contained to the contrary, that the legal title of and to all of the said rest and residue of my estate (which rest and residue is mentioned in the second item herein) shall be vested in my executrix and my executor hereinafter named, and *shall be owned* and *held by them in* and *upon the trusts* and *for the uses* and *purposes hereinbefore declared* of and *concerning the same,* with full power and authority, however, in my said wife, during her life, and in each of my said daughters thereafter during her life, to demand, receive and collect the rents, interest or income of the part or share of the estate, to which she may at the time be entitled as likewise to manage, control and look after the estate as though the same were her own absolutely, the duties and office of the trustees hereunder being none other than to sustain and hold the legal title to the estate for the remaindermen. Furthermore it is my will that on the death or resignation of one or other of the trustees hereunder, or any successor of theirs *in the trust, the vacancy shall be filled by those interested in the trust estate, or a majority of*

*them, so that there shall be so long as the trust shall continue
at least two trustees.*

By the will, he appointed, his wife, Elizabeth V. Gerke,
and one, Augustus F. Leidenroth, executors and trustees, to
execute the trusts under the will, and upon the death of Mrs.
Gerke, the Colonial Trust Company and Mr. Thomas Mac-
kenzie, by a decree of the Circuit Court of Baltimore City
passed on the 10th day of June, 1907, were appointed trus-
tees in the place of those named in the will.

We have thus set out the clauses of the will, and the facts
of the case, at greater length than usual, in order that it may
clearly appear what are the contentions of the parties, and
the grounds upon which the Court below rested its decision
in determining the rights of the appellees as the representa-
tives of Charles G. C. Ross the grandson of the testator.

As the object of this proceeding is to ascertain what estate
Charles G. C. Ross took under his grandfather's will in the
property devised, we will now proceed to this inquiry, as the
only one here involved.

It is contended upon the part of the appellants that accord-
ing to the terms of the will, the true intent of the testator was
to create a trust estate and that the store house property on
Lexington street was to be held in trust and not sold, until
after the death of the testator's last surviving daughter and
until his youngest grandchild shall become of age. That the
conditions of the trust are not in restraint of alienation nor
is the limitation here imposed repugnant to the nature of the
estate granted Charles G. C. Ross, nor does it violate or con-
flict with the rule against perpetuities. And it was also con-
tended that by a proper construction of the will it was the in-
tention of the testator so to leave the estate to his wife, and
after her death his three daughters should take and enjoy the
same, for and during their natural lives, in the same manner
as their mother had enjoyed it during her life, and that only
after the death of the last survivor and not until then and

then only after the youngest grandchild had come of age, was the estate, to vest in those of his grandchildren who may be living at that time and their descendants.

It appears, that the contentions of the appellants, the daughters of the testator, were overruled, and those of the appellees, upon the construction of this part of the will, were sustained, by the Court below.

By its decree of the 21st of March, 1910, the Circuit Court of Baltimore City, held, that Charles G. C. Ross took an absolute equitable estate in one-eighth of the rest and residue of the estate of Charles Gerke, as mentioned in the third and subsequent paragraphs of his will subject to the life estate of the wife of Charles Gerke, and to the ($6,000) six thousand dollars bequest in favor of Walter Duncan Gerke, and his descendants, and that Elizabeth V. Gerke, widow of Charles Gerke being deceased, there is now vested in the Colonial Trust Company as administrator of Charles G. C. Ross, deceased, subject to the aforesaid ($6,000) six thousand dollars bequest, in favor of Walter Duncan Gerke, the one-eighth absolute estate in said rest and residue consisting of the leasehold property known as No. 5 West Lexington street, in the City of Baltimore, and which interest in the estate, the Colonial Trust Company administrator, will proceed to administer and distribute, under direction of this Court which hereby secures jurisdiction over the estate of Charles G. C. Ross, deceased.

And it further held, that the clause of the will postponing the sale of the property, "until after the death of the last surviving daughter (of Charles Gerke) and until after the youngest grandchild should become of age," has no legal binding effect so far as the one-eighth interest of the estate of Charles G. C. Ross is concerned, and is therefore, as to this interest decreed to be null and void as repugnant to the nature of the estate previously devised, to Charles G. C. Ross.

And it was further decreed that the papers be referred to one of the Auditors of the Court to state an account with the Trust Company, administrator of Ross and make distribution of the estate among the parties entitled thereto, subject to the further order of the Court.

Now looking to the whole will in this case and giving effect to the intention of the testator, as manifested by the language employed by him, we cannot concur in the conclusion reached by the Court below, upon the construction of the clauses of the will relating to the interest and estate, the testator desired his grandson, Charles G. C. Ross to take, and upon what events he designed the estate to vest.

There can be no doubt, it seems to us, as to what was really intended to be accomplished and what was designed by the testator in the will here in question and what estate he desired each devisee to take, because the language employed by him is clear and direct and entirely free from uncertainty or ambiguity. And that being so, we fail to find any ground, upon which a Court would be authorized to declare any part of the will void.

It is a settled rule in the construction of wills, first, to ascertain the intention of the testator, from the will itself and then, to give effect to this intention, so far as it is consistent with the rules and policy of the law.

In this case, we think, it is clear, that it was the undoubted intention of the testator that the store-house property, known as No. 5 West Lexington street was to be held in trust and should not be sold until after the death of his last surviving daughter, and until his youngest grandchild shall become of age. Because, he provided "then it shall be sold" and the ground rent paid off and the balance equally divided among my grandchildren then living and the issue then living of any deceased grandchild.

It is also certain that he intended the property should be held in trust as stated in the will, because after so providing, he states in a subsequent clause of the will: "I will here take

occasion to say, it is my will and wish notwithstanding any-
thing hereinbefore contained to the contrary, that the legal
title of and to all of my estate * * * shall be vested in my
executors * * * and shall be owned and held by them in and
upon the trusts and for the uses and purposes hereinbefore
declared, * * * the duties and office of the trustees being to
sustain and hold the legal title to the estate for the remain-
dermen." And he further, provides, that on the death or
resignation of one or other of the trustees or any successor of
theirs in the trust, the vacancy shall be filled by those in-
terested in the trust estate or a majority of them, so that
there shall be so long as the trust should continue, at least,
two trustees.

It would be difficult, it seems to us, to find words that
could more clearly and definitely set forth the intention on
the part of a testator, that a trust estate should be created
and then to continue, than those used by the testator in this
case. And that being so, it would not only defeat the mani-
fest intention of the testator, to sustain the construction of
the will contended for by the appellees, but would practically
direct the sale at once of the Lexington street property, in
contravention of the plain terms of the will itself.

The testator not only states "that it is my wish and will
that the Lexington street property shall not be sold until
after the death of my last surviving daughter and my young-
est grandchild shall become of age, but he further states that
then it shall be sold and the ground rent paid off and the
balance equally divided among his grandchildren. And he
also states, that "it is further my will that my children shall
have in the meantime no right or authority to dispose of
their interest in said store property," and that his wife dur-
ing her life, and that his daughters during their lives, should
have full power to demand, receive and collect the rents, in-
terest and income, * * *, and to manage, control and look
after the estate as though the same were his own absolutely.

In this case, we think, the words "will and wish" are clearly mandatory and declaratory of the intention of the testator to create a trust, and in no way to complicate the estate previously devised to the grandson, Charles G. Ross, because the testator states in the latter part of his will, that "it is my will and wish, notwithstanding anything hereinbefore contained to the contrary" the property shall be held in trust as therein stated. The presumption ordinarily arising where there is first an absolute gift and thus following it a clause cutting down the estate devised, to a life estate or an estate less than an absolute interest that the testator intended the absolute gift to prevail does not arise in this case and cannot apply to a will containing the provisions and language of this will. To sustain the decree of the Court below, would not only defeat the entire purpose of the testator's will, but deprive the life tenants of the estate he desired them to enjoy.

The limitation, that the property should not be sold until after the death of his last surviving daughter and until his youngest grandchild shall become of age does not contravene or violate the rule against perpetuities, because such grandchild must be born within a life in being at the death of the testator.

We are, therefore, of the opinion, for the reasons given, that the lower Court committed an error in its construction of the will of Charles Gerke, and its decree of the 21st of March, 1910, will be reversed.

We further hold, there was also error in the orders of the 3rd of June, 1910, overruling exceptions and finally ratifying the report and account of the Auditor, in pursuance of the decree of the 21st of March, 1910.

It follows from the conclusion we have reached that the estate of Charles Gerke will be held in trust, according to the terms of the will, and will be administered as a trust estate, as it has been since the death of the testator in March, 1891, in the Circuit Court for Baltimore City, under the

orders of that Court. The administrator of Charles G. C. Ross, deceased, being entitled to one-eighth of the rents and income from the property subject to the provision in the will that the warehouse property, on Lexington street shall not be sold until after the death of the last surviving daughter of Charles Gerke, and his youngest grandchild shall have become of age.

The decree and orders appealed from will each be reversed and the cause remanded, to the end that a decree may be passed in accordance with this opinion.

> *Decree and orders reversed, cause remanded and the costs to be paid by the Colonial Trust Company, Admr. of Charles G. C. Ross, deceased.*