COLONIAL TRUST COMPANY and THOMAS MAC-
KENZIE, Trustees, *vs.* FLORENCE B. GERKE et al.

*Court of Appeals: decisions; binding effect of—.*

A decision by the Court of Appeals once pronounced in any
case is binding upon the Court below and upon the Court of
Appeals in subsequent proceedings of the same case, and can
not be disregarded or called in question.          pp. 354-355

*Debet esse finis litium.*                          p. 355

*Decided June 24th, 1911.*

Two appeals in one record from the Circuit Court of Bal-
timore City (ELLIOTT, J.).

The two causes were argued together before BOYD, C. J.,
BRISCOE, PATTISON, URNER and STOCKBRIDGE, JJ.

*H. Findlay French* and *Thomas Mackenzie,* for the Colo-
nial Trust Company.

*Charles J. Wiener, Roger T. Gill* and *Edward M. Ham-
mond* filed a brief for the appellees.

The Court declined to hear argument for the appellees.

BRISCOE, J., delivered the opinion of the Court.

This case is brought, into this Court, for the second time.
There are two appeals in the record, but they present the
same questions and are from the same decree. One appeal,
is on behalf of the Colonial Trust Company, administrator
of Charles G. C. Ross, and the other, is taken by the
Colonial Trust Company and Thomas Mackenzie, trustees,
under the will of Charles Gerke, deceased.

On the former appeal, reported in 114 Md. 289, this
Court, reversed the decree of the Circuit Court of Baltimore

City and remanded the cause to the end that further proceedings should be had in conformity with an opinion filed in the case upon a proper construction of Mr. Gerke's will, declaring the rights of the parties thereunder.

In the course of the opinion, in that case, we held, that the estate of Charles Gerke, should be held in trust, according to the terms of the will and should be administered as a trust estate, in the Circuit Court of Baltimore City under the orders of that Court; that the administrator of Charles G. C. Ross, deceased, was entitled to one-eighth of the rents and income from the property subject to the provision in the will that the warehouse property, on Lexington street, should not be sold until after the death of the last surviving daughter of Charles Gerke, and his youngest grandchild shall have become of age.

We further held, under a proper construction of the will, that Mr. Gerke's wife, during her life and that his daughters, during their lives, should have full power to demand, receive and collect the rents, interest and income, to manage, control and look after the estate, as though the same, were their own absolutely.

The case having been remanded, the Circuit Court of Baltimore City, in conformity to the opinion and decree of this Court, on the 28th day of March, A. D. 1911, passed the following decree, to wit: It is adjudged, ordered and decreed that Charles G. C. Ross took an equitable interest in one-eighth of the rest and residue of the estate of Charles Gerke as mentioned in the third and subsequent paragraphs of his will subject to the life estate of the wife of Charles Gerke in the whole property and after her death to the bequest of the interest at five per cent. on six thousand dollars ($6,000.00) in favor of Walter Duncan Gerke and his descendants and to the further provision in said will that said estate shall be held in trust and that the storehouse property Number 5 West Lexington street, in Baltimore City, shall not be sold until after the death of the last surviving daughter of said testator and his youngest grandchild shall

become of age and also to the provision thereof whereby his said daughters shall during their lives shall have full power to demand, receive and collect the rents, interests and income of the part or share to which they may be entitled and to manage, control and look after the estate as though the same were their own absolutely.

And it is further adjudged, ordered and decreed that the trusts created under the will of the said Charles Gerke, deceased, from time to time as the occasions require shall be administered under the order of this Court.

And it is further ordered that the Colonial Trust Company, administrator of Charles G. C. Ross, deceased, is entitled to receive one-eighth of the net rents and income from the trust property subject to the provision of said will.

It will be seen, upon an examination of the opinion filed by us, on the former appeal, that the decree appealed against here, is not only in conformity with the views expressed in the opinion of this Court, but is in part in the very language and terms of Mr. Gerke's will, which we sustained and held, that, his property should be administered as a trust estate as directed by the will.

It appears further, that the questions raised on this record were presented and decided by this Court on the former appeal, and this being so, they are no longer open for review on the present record.

The conclusion reached by this Court on the former appeal was the result of a careful and thoughtful consideration of the rights of all the parties under the will, and we find no reason to disturb it, even if this case, was now properly before us.

In *Waters* v. *Waters,* 28 Md. 11, CHIEF JUDGE BARTOL. in delivering the opinion said: No principle is better established than that a decision of the Court of Appeals once pronounced in any case is binding upon the Court below and upon this Court in the subsequent proceedings in the same case, and can not be disregarded or called in question. It is the law of the case binding and conclusive upon the parties,

not open to question or examination afterwards in the same case.

If this were not so, controversies would be endless; *debet finis esse litium,* is the maxim, which has been invariably applied by this Court, whenever this question has arisen. *Smith* v. *Shaffer,* 50 Md. 132; *Abraham* v. *Trust Co.,* 86 Md. 258; *Hastings* v. *Foxworthy,* 34 L. R. A. 321.

We find nothing in the decree appealed against, that is either inconsistent with or materially different from the directions of this Court, on the former appeal, and as the decree is substantially in accordance therewith, it will be affirmed, on both appeals, with costs to the appellees, respectively in each case.