# THOMAS MACKENZIE *vs*. FLORENCE B. GERKE
## ET ALS.

*Wills*: *trusts; trustee to hold legal title only; power to life
tenants to collect income. Equity*: *assuming jurisdic-
tion of trusts; order to trustee; when no appeal
by trustee. Appeals*: *by one only of
several co-trustees.*

One of the trustees named in a will having died, the other
resigned; upon the petition of the legatees a Court of Equity
assumed jurisdiction of the trust and appointed two other
trustees; in the decree the trustees were ordered, among
other things, until the further order of the Court, to collect
the rents, etc., and after paying all taxes, etc., and a commis-
sion of five per cent. on the income to divide the balance of
the rents or income among the parties entitled under the
will. The will had provided that the trustees should not
have any other duty than to hold the legal title for the
remaindermen, and that certain legatees, tenants for life,
should have the power to collect the rents and manage the
property, etc.; subsequently to the appointment of the trus-
tees by the Court a petition was filed by the life-tenants recit-
ing that they desired to manage the property and collect the
rents, etc., themselves and praying that the lessee of the
property be ordered and directed to pay the rent to them or to
their counsel. On appeal taken by one of the trustees from
an order of the Court so decreeing, it was *held* that the Court
had the power to pass such a decree, and that the trustees
who were appointed to execute the trust under the will could
not complain of a decree so clearly in pursuance of the
terms of the will.                          p. 333

Trustees can not appeal from a decree merely because it
involves their commissions, if the commissions are not con-
templated by the will of instrument creating the trust.
                                            p. 333

It was further decided that by the decree appealed from the
Court had not surrendered all jurisdiction over the estate,
and that if the life tenants should not properly pay the annu-
ities, the ground rent, taxes, interest, etc., and all other
charges upon the property, for which they were responsible,
the collection of the rents should be taken out of their hands.
p. 334

Section 26 of Article 5 of the Code grants the right of appeal
from any decree or order in the nature of a final decree
passed by a Court of Equity to any one or more of the
persons, partners to the suit, with or without the assent or
joinder of plaintiffs and co-defendants, etc. *Quaere,* whether
the statute includes one of several trustees, who form "but
one collective trustee"?                        p. 335

*Decided June 12th, 1912.*

Appeal from the Circuit Court of Baltimore City (BOND,
J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE,
PEARCE, BURKE, THOMAS, URNER and STOCKBRIDGE, JJ.

*Thomas Mackenzie* (with whom were *Ogle Marbury* and
*H. Findlay French* on the brief), for the appellant.

*Edward M. Hammond and Roger T. Gill* (with whom
was *Charles J. Weiner* on the brief), for the appellee.

BOYD, J., delivered the opinion of the Court.

This is an appeal by one of two trustees appointed by the
Circuit Court of Baltimore City to execute the trusts under
the will of Charles Gerke. That will was first before this
Court in the case of *Gerke* v. *Colonial Trust Co.,* 114 Md.
289, under a proceeding to obtain a construction of it in so
far as the rights of Charles G. C. Ross, the grandson of the
testator, were involved. The testator appointed his wife,

Elizabeth Virginia Gerke, and Augustus F. Leidenroth executors and trustees of the will. After providing for the payment of his debts and funeral expenses, he left his household furniture to his wife absolutely, and the rest and residue of his estate to her for life. He directed that after the death of his wife, the sum of three hundred dollars per annum be paid to his son Walter Duncan Gerke during his life, and provided for the disposition of the fund ($6,000.00) out of which the annuity was to be realized, after the death of his son. He then gave one-fourth part of the balance of the residue of his estate to each of his three daughters for and during the term of her natural life, and after her death to the issue of her body living at the time of her death and in case any of them died without issue to the issue of his body then living. By the next item he left the other fourth to his two grandchildren, Charles G. C. Ross and Mary L. Ross, children of a deceased daughter.

The next item states that it is his wish and will that his store-house property known as No. 5 West Lexington Street be not sold until after the death of his last surviving daughter and his youngest grandchild became of age. "Then it shall be sold, the ground-rent thereon be paid off, and the balance be equally divided among my grandchildren then living and the issue then living of any deceased grandchild, share and share alike per stirpes." He directed that the store-house property be not mortgaged except for the purpose of rebuilding the same, and that his children should in the meantime have no right or authority to dispose of their interest in the property; that, if it became necessary to mortgage the store-property, not more than seven or eight thousand dollars be borrowed. He also stated that it was his will that from the rents of the property there should be retained such proportion of the rest as would be sufficient to liquidate the mortgage debt at maturity, after having provided thereout for the payment of the current expenses upon said property.

The next item is as follows: "I will here take occasion to say it is my will and wish, notwithstanding anything hereinbefore contained to the contrary, that the legal title of and to all of the said rest and residue of my estate (which rest and residue is mentioned in the second item herein) shall be vested in my executrix and my executor hereinafter named, and shall be owned and held by them in and upon the trusts and for the uses and purposes hereinbefore declared of and concerning the same, with full power and authority, however, in my said wife during her life, and in each of my said daughters thereafter during her life, to demand, receive and collect the rents, interest or income of the part or share of the estate to which she may at the time be entitled, as likewise to manage, control and look after the estate as though the same were her own absolutely, the duties or office of the trustees hereunder being none other than to sustain and hold the legal title to the estate for the remaindermen."

In the case in 114 Md. this Court sustained the various provisions of the will, the opinion delivered by JUDGE BRISCOE stating: "It follows from the conclusion we have reached that the estate of Charles Gerke will be held in trust, according to the terms of the will, and will be administered as a trust estate, as it has been since the death of the testator in March, 1891, in the Circuit Court for Baltimore City, under the orders of that Court," and added that the administrator of Charles G. C. Ross, deceased, was entitled to one-eighth of the rents and income from the property, subject to the provision in the will that the property on Lexington Street should not be sold until after the death of the last surviving daughter of Charles Gerke, and his youngest grandchild became of age.

Mrs. Gerke, the widow, died on May 28th, 1907, and Mr. Leidenroth was at his request relieved of the duties of the trust. The Colonial Trust Company of Baltimore City became the administrator of Charles G. C. Ross, who had

died, and that company and Mr. Mackenzie, the appellant, were appointed trustees on June 10th, 1907. They were by the decree appointing them authorized to execute a mortgage for eight thousand dollars, "incorporating therein provisions by which they shall be relieved from all and every personal liability that would otherwise attach to them as mortgagors, but making the covenant of said mortgage as binding upon the estate." The trustees were directed to collect the rents and, after paying all taxes, mortgage interest and other expenses upon the property, including a commission of five per centum of the income to be divided between them, to divide the balance of the rents or income among the parties entitled thereto under the will, in the proportion and in the manner therein provided, without prejudice, however, to the remaindermen applying for an impounding of the rent for the purpose of paying off the mortgage at maturity.

Thomas O'Neill was the assignee of Clark and Stevens of a lease of the property, and in October, 1910, the three daughters of the testator filed a petition in the Circuit Court of Baltimore City, in the case of *Colonial Trust Co., administrator, et al.* v. *Lillian F. Gerke et al.,* asking that the Court authorize a new lease to be made to him for the term of fourteen years. That resulted in a decree being passed on the 30th of December, 1910, authorizing and directing the Colonial Trust Company and Thomas Mackenzie, trustees, to make the new lease. In that decree there was a provision, "that the rent or rents reserved thereunder shall be collected and distributed by said trustees under the jurisdiction of this Court, in the cause of *Elizabeth V. Gerke et al.* v. *Lillian F. Gerke et al.,* in which they were appointed trustees, among those entitled thereto, until the further order of this Court." That lease was made as directed.

After the decision reported in 114 Md., the Circuit Court of Baltimore City passed a decree from which the Colonial

Trust Company, administrator of Charles G. C. Ross, and that company and Thomas Machenzie, trustees, appealed to this Court. That decree was affirmed and is reported in *Colonial Trust Co.* v. *Gerke,* 116 Md. 352, JUDGE BRISCOE saying: "I will be seen, upon an examination of the opinion filed by us on the former appeal, that the decree appealed against here is not only in conformity with the views expressed in the opinion of this Court, but is in part in the very language and terms of Mr. Gerke's will, which we sustained and held that his property should be administered as a trust estate as directed by the will. It appears, further, that the questions raised on this record were presented and decided by this Court on the former appeal, and, this being so, they are no longer open for review on the present record."

We understand the estate of the testator consists entirely of the Lexington Street property. On August 1st, 1911, the three daughters filed a petition alleging that under the will of their father they were empowered, to "collect the rents of the part of the estate to which they are entitled, and to manage and control the estate as though the same was their own absolutely"; that the trustees had been collecting the rents, but the petitioners were desirous of exercising their right to collect the same, and to manage the estate as provided in the will, which in another clause defines the duties of the trustees "to be none other than to hold the legal title of said estate for the remaindermen." They then prayed for an order directing the tenant, Thomas O'Neill, to pay the rent to them or their counsel. Testimony was taken and there was filed an assent of the tenant to the Court passing an order authorizing the payment by him of the rents thereafter accruing under the lease to such person or persons, in lieu of the lessors and trustees, as the Court may order. On November 2nd, 1911, a decree was passed that all rents due and to become due by Thomas O'Neill under said lease should be payable by him as therein directed, viz: one-fourth to each of the three daughters, one-eighth

to the Colonial Trust Co., administrator of Charles G. C. Ross, and one-eighth to Mary L. Ross, "or to their and each of their only constituted attorneys or agents." It was decreed that the daughters should "have the right, power and authority to manage, control and look after their respective one-fourth interest under the will of Charles Gerke, deceased, in the estate as though it were their own absolute property." This appeal was taken from that decree by Mr. Mackenzie, one of the trustees.

It is not for us to determine whether the testator acted wisely in making such provisions in his will as he did, but the language used by him is plain and explicit, and has already been construed by us. It was suggested by the appellant that he may have meant that his daughters could collect the *net* rents, but manifestly that could not have been his intention. He qualified the trust by saying "with full power and authority however in my said wife during her life, and in each of my said daughters thereafter during her life to demand, receive and collect the rents, interest or income of the part or share of the estate to which she may at the time be entitled." He thus gave the same right to demand, receive and collect the rents, etc., to the daughters which he gave to his wife during her life, and he did not stop there; for he went on to say "as likewise to manage, control and look after the estate as though the same were her own absolutely." That would seem to have been too clear to have admitted of much controversy, but he was not satisfied with that, for he added, "the duties or office of the trustees hereunder being none other than to sustain and hold the legal title to the estate for the remaindermen." Except for that latter statement it might have been contended that at least the eighth left to each of his two grandchildren must be continued under the control and management of the trustees, but he made no exception as to them in defining the duties of the trustees, and, of course, the trustees could not have paid all of the taxes, ground-rent, interest and other

charges out of that fourth, if they still continued to collect the rent for the two shares included in it. It seems, therefore, to be clear that the decree of the Court appealed from in this case is in accordance with the terms of the will, and moreover the decree of the 28th of March, 1911, expressly declared that the daughters, during their lives "shall have full power to demand, receive and collect the rents, interest and income of the part or share to which they may be entitled, and to manage, control and look after the estate as though the same were their own absolutely." That decree was affirmed by us as shown above.

The only point which seems to us to suggest any difficulty arises by reason of the fact that this Court decided in 114 Md., that the estate be held in trust, according to the terms of the will, and be administered as a trust estate, as it had been since the death of the testator, in the Circuit Court of Baltimore City, under the order of that Court, and the decree of March 28, 1911, affirmed in 116 Md., decreed "that the trusts created under the will of the said Charles Gerke, deceased, from time to time as the occasion require, shall be administered under the order of this Court." There were also other orders and decrees which seem to have contemplated having the trust administered in the Circuit Court of Baltimore City. It may be that inasmuch as the beneficiaries under the will were parties to the proceedings under which the mortgage and lease were authorized to be executed, the Court could have refused to pass the decree now before us for review, but as it is so manifestly in accordance with the intention of the testator as disclosed by the terms of the will, it had the power to so decree, and the trustees who were appointed to execute "the trusts under the will" cannot complain of a decree which is so clearly in pursuance of the very terms of the will. They certainly could not merely because it affected their commissions, if those commissions were not contemplated by the will, and, as we have seen, the decree authorizing the lease, out of which the only income of the estate is derived, expressly limited the collec-

tion and distribution of the rents by the trustees, by the qualification, "until the further order of this Court."

There may be differences of opinion as to whether the action of the daughters in filing the petition was a wise one, as there is danger of confusion, and possible loss, unless all of the beneficiaries unite in appointing some person or persons to collect the various shares of the rent, and promptly and properly pay the charges and expenses upon the property. But by the decree the trustees are unquestionably relieved of all responsibilitqy for the payment of the taxes, interest on the mortgage, ground-rent and other charges, so long as that decree remains in force. As they are simply to hold the legal title for the remaindermen, of course they could not be held liable for the interest on the mortgage, even if it had not provided that they should not be responsible, and the lessee under the lease from which the rent is derived came into Court and consented to the decree.

It must, however, be understood that the Court has not by the decree of November 2nd, 1911, surrendered all jurisdiction over the trust, and if it be shown by proper proceedings that the beenficiaries are not promptly and properly paying the annuity to the guardian of Walter Duncan Gerke, the ground-rent, the taxes, the interest on the mortgage, and all other proper charges on the property for which they are responsible, the collection of the rents should be taken out of their hands. The interest of the remaindermen should not be permitted to suffer.

The Colonial Trust Company is not only one of the trustees, but it is also administrator of Charles G. C. Ross, and it can therefore be kept informed as to whether the charges on the property are being paid.

We will affirm the decree appealed from without passing on the right of the appellant to take this appeal alone, without assigning some sufficient reason for the Colonial Trust Company not uniting in it. We are, of course, familiar with the provisions of section 26 of Article 5 of the Code, which grants the right of appeal from any decree or order in the

nature of a final decree to "any one or more of the persons parties to the suit, with or without the assent or joinder of plaintiffs or co-defendants in such appeal," and we are aware that the statute was amended so as to avoid the difficulty which arose in *Lovejoy* v. *Irelan,* 17 Md. 525, where it was held that "From a joint decree against *several,* one defendant *alone* cannot appeal, without summons and severance, and his appeal so taken will, on motion, be dismissed." But whether the statute includes one of several trustees, with powers such as these, who form "but one collective trustee," 28 *Am. & Eng. Ency. of Law,* 986, and "must act as a unit," 39 *Cyc.* 307, is a question worthy of more consideration than it is necessary to give it in this case, as we find no error in the decree.

> *Decree affirmed, the appellant to pay the costs.*